## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNIE TROUT WILCOXSON, JR., TRUSTEE OF THE J. R. TROUT TRUST a/k/a THE J. R. TROUT REVOCABLE TRUST, ) ) ) ) ) Plaintiff, ) ) vs. ) ) KARLA TROUT MCKENZIE a/k/a ) KARLA T. MCKENZIE a/k/a KARLA ) TROUT LATHROP a/k/a KARLA ) LATHROP MCKENZIE a/k/a KARLA ) TROUT WILCOXSON LATHROP a/k/a ) KARLATROUT WILCOXSON a/k/a ) KARLA T. LATHROP a/k/a KARLA ) TROUT LATHROP MCKENZIE a/k/a ) KARLA WILCOXSON LATHROP a/k/a ) KARLA T. WILCOXSON, an individual; ) THE KARLA T. WILCOXSON TRUST, ) DATED MAY 1, 2006; JOHNNIE TROUT ) WILCOXSON, JR., LORI ANN ) GLASGOW; LAKE FRITTS ) WILCOXSON; JESSE T. WILCOXSON; ) HEIDI DAWN WILCOXSON, now ) HOLMAN; KARI DAVISON; ) BANCFIRST, successor in interest to ) SECURITY BANK AND TRUST OF ) LAWTON, ) ) Defendants. ) | Case No. CIV-11-228-M |

### ORDER

Before the Court is defendants Karla Trout McKenzie and the Karla T. Wilcoxson Trust's Motion to Quash Return of Service and Motion to Dismiss for Lack of Service, with Brief in Support, filed October 26, 2011. On November 11, 2011, Plaintiff's Objection to Defendant Karla Trout McKenzie's Motion to Dismiss for Lack of Service was filed. Defendants' Reply was filed

1

on November 11, 2011. Based upon the parties' submissions, the Court makes its determination.

Plaintiff filed his petition in the District Court of Jefferson County, Oklahoma on August 12, 2010. Plaintiff is the trustee of the J.R. Trout Trust a/k/a the J.R. Trout Revocable Trust ("the Trout Trust"). Defendants Karla Trout McKenzie ("McKenzie") and the Karla T. Wilcoxson Trust dated May 1, 2006 (" the Karla Wilcoxson Trust") contend they received copies of the summons and the petition in this case on or about January 31, 2011, but proper service was not accomplished. Defendants McKenzie and the Karla Wilcoxson Trust contend in the instant motion that plaintiff has failed to properly serve defendants Karla McKenzie and the Karla Wilcoxson Trust with the petition and summons within the deadlines prescribed by 12 Okla. Stat. § 2004(I) and that all claims asserted by plaintiff against defendants Karla McKenzie and the Karla Wilcoxson Trust should be therefore dismissed. Specifically defendants McKenzie and the Karla Wilcoxson Trust contend plaintiff's Notice of Publication was incomplete and untimely.

Plaintiff contends defendants Karla Trout McKenzie and the Karla T. Wilcoxson Trust have been properly served by publication. Specifically, plaintiff contends on March 1, 2011 there was an Order filed in the District Court of Jefferson County allowing service by publication in this matter. Plaintiff contends on March 31, 2011, a Notice by Publication and an Affidavit were filed in the District Court of Jefferson County evidencing proper service on these defendants. [1]

12 Okla. Stat. § 2004 (I) provides in pertinent part:

---

[1] The documents submitted in support of plaintiffs' response demonstrate that the purported Affidavit of Publication and Legal Notice of publication in the Waurika News-Democrat reflecting notice of the instant lawsuit being published on March 2, 9 and 16, 2011 was in fact filed in the District Court of Jefferson County on March 28, 2011 [ docket no. 9].

>       SUMMONS; TIME LIMIT FOR SERVICE. If service of process is
> not made upon a defendant within one hundred eighty (180) days
> after the filing of the petition and the plaintiff cannot show good
> cause why such service was not made within that period, the action
> shall be deemed dismissed as to that defendant without prejudice.

12 Okla. Stat. § 2004 (I).

Having reviewed the parties' submissions, the Court finds that plaintiff failed to properly serve defendants McKenzie and the Karla T. Wilcoxon Trust within one hundred eighty (180) days of August 12, 2010 filing of his petition.[2]  Accordingly, the Court GRANTS Defendants' Motion to Quash Return of Service and Motion to Dismiss for Lack of Service and Brief in Support [docket no. 8] and DISMISSES the claims against defendants Karla Trout McKenzie and the Karla T. Wilcoxson Trust dated May 1, 2006  without prejudice.

**IT IS SO ORDERED this 19th day of April, 2012.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Federal Rule of Civil Procedure 4(m), provides in, pertinent part:

> If a defendant is not served within 120 days after the complaint is
> filed, the court–on motion or on its own after notice to the plaintiff–
> must dismiss the action without prejudice against that defendant or
> order that service be made within a specified time.